IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANNY ALLEN GREEN,
    Petitioner,

v.                                Case No. 3:11cv457/MCR/CJK

WARDEN ALLEN PIPPIN, et al,
    Respondents.
_____

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241 and § 2254. (Doc. 1). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that the petition is an unauthorized "second or successive" habeas corpus application under 28 U.S.C. § 2244(b)(3)(A), and that this case should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a Florida prisoner in custody pursuant to the judgment of the Alachua County Circuit Court, commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1 and Attach.). Petitioner claims that the Florida Department of Corrections lacked jurisdiction to receive him into custody, because "no supporting probable cause affidavit or oath exists for any alleged offense identified in the State Information." (*Id*., pp. 2, 5). Upon cursory review, this Court

noted that the petition appeared to be in proper form, and directed service of the petition. After more careful review, the Court determined that the petition was an unauthorized second or successive § 2254 petition. On December 7, 2011, the Court notified petitioner of its finding and provided petitioner an opportunity to show cause why this case should not be dismissed by filing a copy of the Eleventh Circuit Court of Appeals' order authorizing him to file a second or successive § 2254 petition. (Doc. 12). Petitioner objected to the order, but his objection was denied. (Docs. 15, 16). To date, petitioner has neither responded to the December 7, 2011 order, nor submitted the requisite authorization.

## DISCUSSION

Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* Rule 9, Rules Governing Section 2254 Cases (2011). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 796, 799, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition since prisoner did not obtain order authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

The Court takes judicial notice of its own records in *Green v. McNeil*, Case Number 1:09cv204/MP/GRJ. Petitioner initiated *Green v. McNeil*, on September 30, 2009, by filing a § 2254 petition challenging the same conviction and sentence at

issue here. (*See* Case Number 1:09cv204/MP/GRJ, Doc. 1).[1]  Petitioner raised eleven grounds for relief, including a claim that the state trial court lacked jurisdiction to enter judgment or impose sentence upon him, because there was no supporting probable cause affidavit or oath for any of the offenses charged in the Information, as required by Florida law.  Petitioner further contended that this lack of supporting affidavit or probable cause oath caused his trial, sentence and subsequent incarceration in the Florida Department of Corrections to occur in violation of his federal and state constitutional rights. (Case Number 1:09cv204/MP/GRJ, Docs. 1, 67, pp. 9-10).  This Court denied the petition on July 14, 2011, finding that petitioner's claim concerning the Information raised purely a state law issue that did not trigger federal constitutional review. (Case Number 1:09cv204/MP/GRJ, Docs. 67, 71).  Petitioner's remaining claims were denied as procedurally defaulted. (*Id*.).  Petitioner did not appeal or seek a certificate of appealability.

Petitioner filed the instant habeas petition on September 21, 2011.  Petitioner argues that his petition is subject only to § 2241 and not the restrictions of § 2254 (including the restriction on second or successive petitions), because he is challenging the execution of his sentence and not its validity. (Doc. 1, p. 2).  Petitioner's argument fails. Petitioner is not challenging the execution of his sentence (i.e., the manner in which his sentence is being carried out); rather, he is challenging the very fact of his confinement, claiming that he is in custody in violation of the Constitution.  *See* 28 U.S.C. § 2254(a).  Further, petitioner is "in custody pursuant to the judgment of a State court."  *Id*.  Thus, the petition is subject to both § 2241 and

---

[1]This case may be positively identified as having been filed by petitioner, because it bears his inmate number, DC#G12555.  In addition, petitioner acknowledges, and in fact "rejoice[s]," in the Court taking judicial notice of his previously-filed § 2254 proceeding.  *See* Doc. 15, pp. 2-3.

§ 2254 with its attendant restrictions. *Thomas v. Crosby*, 371 F.3d 782, 787-88 (11th Cir. 2004) (holding that state prisoner's habeas petition, which was filed on the § 2241 form and which challenged the state parole commission's setting of prisoner's presumptive parole release date, was properly brought under § 2241 but was subject to the rules and restrictions of § 2254, because the prisoner was in custody pursuant to the judgment of a state court); *Medberry v. Crosby*, 351 F.3d 1049 (11th Cir. 2003) (holding that state prisoner's habeas petition which challenged prison disciplinary actions was subject to both § 2241 and § 2254, because the prisoner was in custody pursuant to the judgment of a state court). Petitioner "cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Thomas*, 371 F.3d at 787.

The Court's December 7, 2011 order directed petitioner to show cause within twenty-one days why this case should not be dismissed by filing a copy of the Eleventh Circuit's order authorizing him to file a second or successive § 2254 petition. (Doc. 12). Petitioner was warned that failure to comply with the order would result in a recommendation that this case be dismissed. Petitioner has not complied with the order.

## CONCLUSION

The record shows that the instant petition is an unauthorized second or successive habeas corpus application. Therefore, this case should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is

issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, it is recommended that the Court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That petitioner's habeas corpus petition brought under 28 U.S.C. §§ 2241 and 2254 (doc. 1) be DISMISSED WITHOUT PREJUDICE as an unauthorized second or successive habeas corpus application.

2. That the clerk be directed to close the file and send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 4th day of January, 2012.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).